1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   MICHAEL A. LOCKHART,                    )    No. C 13-00014 EJD (PR)
                                             )
12                   Petitioner,             )    ORDER GRANTING MOTION FOR
                                             )    LEAVE TO PROCEED *IN FORMA*
13        vs.                                )    *PAUPERIS*; DENYING MOTIONS TO
                                             )    AMEND AND FOR AN EXTENSION
14                                           )
     G. J. JANDA,                            )
15                                           )
                     Respondent.             )
16                                           )
     _____        )    (Docket Nos. 2, 3 & 4)
17

18        Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas

19   corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction.  Petitioner has

20   filed a motion for leave to proceed in forma pauperis.  (Docket No. 3.)

21

22                                  **BACKGROUND**

23        According to the petition, Petitioner was found guilty of possession of cocaine

24   for sale and transportation of a controlled substance after a jury trial in Alameda

25   County.  (Pet. at 2.)  Petitioner was sentenced to 25 years to life in prison.  (Id.)

26        Petitioner appealed his conviction, and the state appellate court affirmed.  (Id. at

27   3.)  The state high court denied review.  (Id.)

28        Petitioner filed the instant federal habeas petition on January 2, 2013.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

**DISCUSSION**

A.      Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

B.      Legal Claims

Petitioner claims the following as grounds for federal habeas relief: (1) the trial court erred by failing to dismiss a prior strike; and (2) the trial court erroneously denied a Batson motion after the prosecutor used peremptory challenges to remove black jurors.

Petitioner has also filed a one page motion stating that he wishes to exhaust further claims regarding prosecutorial misconduct, ineffective assistance of counsel and due process violations.  Motion to Amend at 1.  It is not clear if the claims are close to being exhausted or even if Petitioner has filed a petition in state court.  Petitioner seeks leave to file an amended petition, but states he filed the instant petition as the AEDPA statute of limitations was expiring.  It appears that Petitioner is seeking a stay while he exhausts the remaining claims.[1]

In Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court discussed the stay-and-abeyance procedure for a mixed petition.[2]  The Supreme Court cautioned district courts against being too liberal in allowing a stay because a stay works against

---

[1] The Court takes no position at this point, if the instant petition has been timely filed.

[2] While the instant petition is not mixed, Petitioner will be given a choice and an opportunity to file a mixed petition and request a Rhines stay.

1   several of the purposes of AEDPA in that it "frustrates AEDPA's objective of

2   encouraging finality by allowing a petitioner to delay the resolution of the federal

3   proceeding" and "undermines AEDPA's goal of streamlining federal habeas

4   proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court

5   prior to filing his federal petition."  <u>Rhines</u>, 544 U.S. at 277.  Any stay must be limited

6   in time to avoid indefinite delay.  <u>Id.</u> at 277–78.  Reasonable time limits would be thirty

7   (30) days to proceed to state court and thirty (30) days to return to federal court after the

8   final rejection of the claims by the state court.  <u>See id.</u> at 278; <u>Kelly v. Small</u>, 315 F.3d

9   1063, 1071 (9th Cir. 2003), overruled on other grounds by <u>Robbins v. Carey</u>, 481 F.3d

10  1143 (9th Cir. 2007).

11      There are two kinds of stays available in a habeas action: the <u>Rhines</u> stay and the

12  <u>King/Kelly</u> stay.  A stay under <u>Rhines</u> "is only appropriate when the district court

13  determines there was good cause for the petitioner's failure to exhaust his claims first in

14  state court," the claims are not meritless, and there are no intentionally dilatory

15  litigation tactics by the petitioner.  <u>Rhines</u>, at 277-78.

16      The <u>King/Kelly</u> stay is an alternative method for a petitioner who has some

17  unexhausted claims he wants to present in his federal habeas action.  Under the

18  procedure outlined in <u>Kelly</u>, "(1) a petitioner amends his petition to delete any

19  unexhausted claims; (2) the court stays and holds in abeyance the amended, fully

20  exhausted petition, allowing the petitioner the opportunity to proceed to state court to

21  exhaust the deleted claims; and (3) the petitioner later amends his petition and

22  re-attaches the newly-exhausted claims to the original petition."  <u>King v. Ryan</u>, 564

23  F.3d 1133, 1135 (9th Cir. 2009) (citing <u>Kelly</u>, 315 F.3d at 1070–71).  A petitioner

24  seeking to avail himself of the <u>Kelly</u> three-step procedure is not required to show good

25  cause as under <u>Rhines</u>, but rather must eventually show that the amendment of any

26  newly exhausted claims back into the petition satisfies both <u>Mayle v. Felix</u>, 545 U.S.

27  644, 655 (2005), by sharing a "common core of operative facts" and <u>Duncan v. Walker</u>,

28  533 U.S. 167 (2001), by complying with the statute of limitations.  <u>King</u>, 564 F.3d at

United States District Court

For the Northern District of California

1    1141–43.

2        If Petitioner wishes to proceed with a <u>Rhines</u> stay, he must file an amended

3    petition containing all his claims and providing more information regarding the claims

4    he seeks to exhaust and Petitioner must file a motion stay demonstrating good cause.

5    The motion to stay must address petitioner's failure to exhaust his claims first in state

6    court, that the claims are not meritless, and there was no intentionally dilatory litigation

7    tactics by him.

8        If Petitioner wishes to proceed with a <u>King/Kelly</u> stay, he must file a motion

9    seeking a stay and the Court will stay the instant petition while Petitioner exhausts

10   further claims.  A stay pursuant to <u>King/Kelly</u> does not toll the federal limitations period

11   with respect to the unexhausted claims.

12

13                              **CONCLUSION**

14       For the foregoing reasons and for good cause shown,

15       1.  Petitioner's motion for leave to proceed <u>in forma pauperis,</u> (Docket No. 3), is

16   GRANTED.

17       2.  Petitioner's motions to amend (Docket No. 2) and for an extension (Docket

18   No. 4) are DENIED.

19       3.  Within **twenty-eight (28) days** Petitioner must either pursue one of the

20   options described above or inform the court that he only wishes to proceed on the

21   exhausted claims that were presented in this petition

22       This order terminates Docket Nos. 2, 3 & 4.

23

24   DATED:  _____1/28/2013_____          _____

25                                          EDWARD J. DAVILA
                                            United States District Judge
26

27

28

United States District Court
For the Northern District of California

Order to Show Cause; Granting IFP
0014Lockhart_ord.wpd                        4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL A LOCKHART,                       Case Number CV 13-00014 EJD (PR)

               Petitioner,

      v.                                        **CERTIFICATE OF SERVICE**

G. J. JANDA,

               Respondent.

_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____1/29/2013_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Michael A. Lockhart**
AF 4021
Calipatria State Prison
7018 Blair Road
PO Box 5002
Calipatria, CA 92233

DATED: _____1/29/201_____

                            Richard W. Wieking, Clerk
/s/  By: Elizabeth Garcia, Deputy Clerk

*United States District Court*
For the Northern District of California

Order to Show Cause; Granting IFP
0014Lockhart_ord.wpd