United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. LOCKHART, | No. C 13-00014 EJD (PR) |
| Petitioner, | ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; DENYING MOTIONS TO AMEND AND FOR AN EXTENSION |
| vs. | |
| G. J. JANDA, | |
| Respondent. | |
| | (Docket Nos. 2, 3 & 4) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 3.)

**BACKGROUND**

According to the petition, Petitioner was found guilty of possession of cocaine for sale and transportation of a controlled substance after a jury trial in Alameda County. (Pet. at 2.) Petitioner was sentenced to 25 years to life in prison. (Id.)

Petitioner appealed his conviction, and the state appellate court affirmed. (Id. at 3.) The state high court denied review. (Id.)

Petitioner filed the instant federal habeas petition on January 2, 2013.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Legal Claims

Petitioner claims the following as grounds for federal habeas relief: (1) the trial court erred by failing to dismiss a prior strike; and (2) the trial court erroneously denied a Batson motion after the prosecutor used peremptory challenges to remove black jurors.

Petitioner has also filed a one page motion stating that he wishes to exhaust further claims regarding prosecutorial misconduct, ineffective assistance of counsel and due process violations. Motion to Amend at 1. It is not clear if the claims are close to being exhausted or even if Petitioner has filed a petition in state court. Petitioner seeks leave to file an amended petition, but states he filed the instant petition as the AEDPA statute of limitations was expiring. It appears that Petitioner is seeking a stay while he exhausts the remaining claims.[1]

In Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court discussed the stay-and-abeyance procedure for a mixed petition.[2] The Supreme Court cautioned district courts against being too liberal in allowing a stay because a stay works against

---

[1] The Court takes no position at this point, if the instant petition has been timely filed.

[2] While the instant petition is not mixed, Petitioner will be given a choice and an opportunity to file a mixed petition and request a Rhines stay.

Order to Show Cause; Granting IFP
0014Lockhart_ord.wpd                                    2

several of the purposes of AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines, 544 U.S. at 277.  Any stay must be limited in time to avoid indefinite delay. Id. at 277–78.  Reasonable time limits would be thirty (30) days to proceed to state court and thirty (30) days to return to federal court after the final rejection of the claims by the state court.  See id. at 278; Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).

There are two kinds of stays available in a habeas action: the Rhines stay and the King/Kelly stay.  A stay under Rhines "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner.  Rhines, at 277-78.

The King/Kelly stay is an alternative method for a petitioner who has some unexhausted claims he wants to present in his federal habeas action.  Under the procedure outlined in Kelly, "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070–71).  A petitioner seeking to avail himself of the Kelly three-step procedure is not required to show good cause as under Rhines, but rather must eventually show that the amendment of any newly exhausted claims back into the petition satisfies both Mayle v. Felix, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and Duncan v. Walker, 533 U.S. 167 (2001), by complying with the statute of limitations.  King, 564 F.3d at

1141–43.

If Petitioner wishes to proceed with a Rhines stay, he must file an amended petition containing all his claims and providing more information regarding the claims he seeks to exhaust and Petitioner must file a motion stay demonstrating good cause. The motion to stay must address petitioner's failure to exhaust his claims first in state court, that the claims are not meritless, and there was no intentionally dilatory litigation tactics by him.

If Petitioner wishes to proceed with a King/Kelly stay, he must file a motion seeking a stay and the Court will stay the instant petition while Petitioner exhausts further claims. A stay pursuant to King/Kelly does not toll the federal limitations period with respect to the unexhausted claims.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's motion for leave to proceed in forma pauperis, (Docket No. 3), is GRANTED.

2. Petitioner's motions to amend (Docket No. 2) and for an extension (Docket No. 4) are DENIED.

3. Within **twenty-eight (28) days** Petitioner must either pursue one of the options described above or inform the court that he only wishes to proceed on the exhausted claims that were presented in this petition

This order terminates Docket Nos. 2, 3 & 4.

DATED:  1/28/2013

EDWARD J. DAVILA
United States District Judge

Order to Show Cause; Granting IFP
0014Lockhart_ord.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A LOCKHART,<br><br>    Petitioner,<br><br>v.<br><br>G. J. JANDA,<br><br>    Respondent.<br>_____/ | Case Number CV 13-00014 EJD (PR)<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____1/29/2013_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Michael A. Lockhart**
AF 4021
Calipatria State Prison
7018 Blair Road
PO Box 5002
Calipatria, CA 92233


DATED: _____1/29/201_____

                                          Richard W. Wieking, Clerk
                                    /s/ By: Elizabeth Garcia, Deputy Clerk