IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. LOCKHART,<br><br>    Petitioner,<br><br>  vs.<br><br>G. J. JANDA,<br><br>    Respondent. | No. C 13-0014 EJD (PR)<br><br>ORDER TO SHOW CAUSE<br><br><br><br><br><br>(Docket No. 6) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction.

**BACKGROUND**

According to the petition, Petitioner was found guilty of possession of cocaine for sale and transportation of a controlled substance after a jury trial in Alameda County. (Pet. at 2.) Petitioner was sentenced to 25 years to life in prison. (Id.)

Petitioner appealed his conviction, and the state appellate court affirmed. (Id. at 3.) The state high court denied review. (Id.)

Petitioner filed the instant federal habeas petition on January 2, 2013.

Order to Show Cause
0014Lockhart_osc.wpd

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Legal Claims</u>

Petitioner claims the following as grounds for federal habeas relief: (1) the trial court erred by failing to dismiss a prior strike; and (2) the trial court erroneously denied a <u>Batson</u> motion after the prosecutor used peremptory challenges to remove black jurors. Liberally construed, these claim are cognizable under § 2254 and merit an answer from Respondent.

Petitioner had also filed a one page motion stating that he wished to exhaust further claims regarding prosecutorial misconduct, ineffective assistance of counsel and due process violations. Motion to Amend at 1. The Court provided Petitioner with several options on how to proceed: 1) file a motion requesting a <u>Rhines</u> stay; 2) request a <u>King/Kelly</u> stay; or 3) proceed with the exhausted claims. Petitioner has filed a motion (Docket No. 6) indicating he wishes to proceed with the exhausted claims of the petition.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's motion to proceed with the exhausted claims (Docket No. 6), is GRANTED and no stay will be ordered.

2. The Clerk shall serve by certified mail a copy of this order and the petition (Docket No. 1) and all attachments thereto on Respondent and Respondent's

Order to Show Cause
0014Lockhart_osc.wpd 2

attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

3. Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the Court and all parties informed of any change of address.

This order terminates Docket No. 6.

DATED: 3/14/2013

EDWARD J. DAVILA
United States District Judge

Order to Show Cause
0014Lockhart_osc.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL A. LOCKHART,   Case Number CV 13-00014 EJD (PR)

    Petitioner,

  vs.   **CERTIFICATE OF SERVICE**

G. J. JANDA,

    Respondent.

_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____3/14/2013_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s)hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Michael A. Lockhart**
AF-4021
Calipatria State Prison
7018 Blair Road
Calipatria, CA 92233

DATED: _____3/14/2013_____

                         Richard W. Wieking, Clerk
                   /s/By: Elizabeth Garcia, Deputy Clerk